AGAPITO DÍAZ, Plaintiff and Appellee, *v.* VICTORIANA RAMOS ET AL., Defendants and Appellants.

No. 7673. Argued November 18, 1938.—Decided December 16, 1938.

4

*Leopoldo Santiago Carmona,* for appellants. *Dubón & Ochoteco,* for appellee.

Mr. Justice De Jesús delivered the opinion of the Court.

Agapito Díaz filed suit in unlawful detainer against Victoriano Ramos and Anastacio Oliver, praying that defendants be ejected from a certain house and lot which they occupied. Plaintiff alleged that he was the owner of the entire lot, including that part on which the house was built. Plaintiff admitted that the house belonged to defendant Victoriana Ramos. The suit proceeded normally and on December 10, 1934, the District Court of Bayamón rendered judgment in favor of plaintiff decreeing the ejectment of defendants and awarding costs.

From said judgment defendants appealed to this Court. One of the judges being away from Puerto Rico, the remaining four were divided in their opinion, two voting for affirmance of the judgment and the other two for reversal (51 P.R.R. ——). The judgment was therefore affirmed. The mandate was returned to the lower court and the plaintiff filed a bill of costs in which he includes an item of $250 for attorney's fees, $10 clerk's filing and calendar fees, and $2.20 summons fee.

The defendants filed a motion opposing the bill of costs in which they alleged that plaintiff is not entitled to collect the same, because in the opinion given by the Supreme Court affirming the judgment appealed from, no reference is made to costs. In regard to attorney's fees, plaintiff argues that by the date on which the judgment of the lower court was

affirmed by the Supreme Court, section 327 of the Code of Civil Procedure, which refers to costs, had been amended by Act No. 94 of May 11, 1937 (Laws of 1936–37, p. 229), and that in accordance with this Act the award of costs does not include attorney's fees unless the court expressly so holds; that the item of $2.20 which appears in the bill of costs as a summons fee is not authorized either by section 327 of the Code of Civil Procedure, as amended by the aforesaid Act of May 11, 1937, and that assuming for the sake of argument that plaintiffs had a right to attorney's fees, these should in no case exceed $25, considering the time taken up by the trial and the evidence presented, which, on plaintiff's part, consisted of two documents.

As we decided in the case of *Mason* v. *White Star Bus Line, Inc.,* 53 P.R.R. ——, and later on in *Soltero* v. *Vélez,* 53 P.R.R. ——, the law which should govern the bill of costs in this case is not the law in force at the time the judgment is affirmed, but that in force on the date on which the lower court handed down judgment in 1934. According to the law which was then in force, the award of costs included attorney's fees unless expressly excluded by the court in the award. *Ramírez* v. *American R.R. Co.,* 28 P.R.R. 168, 169; *Brac* v. *Ojeda,* 27 P.R.R. 605; *Cortés & Segura* v. *Cortés,* 43 P.R.R. 452. Therefore there is no doubt that according to the judgment of the court *a quo* plaintiff has a right to attorney's fees, and that on affirming the judgment on appeal without reversing the award of costs which formed a part thereof, the entire judgment appealed from remained in full force, including of course the award of costs.

The question now before us is whether or not the amount of attorney's fees is reasonable taking into consideration the special circumstances of this case. It is evident that defendants have not been obstinate in defending the suit in unlawful detainer filed against them and the best proof

of this is the fact that two of the judges of this court were of the opinion that the judgment should have been reversed. The element of temerity being eliminated, and considering the nature of the suit, in which no difficult questions of law were raised, in which very little evidence was presented, and also the amount in controversy, which as we have seen consisted in part of a house bought by plaintiff for $250 and of the lot on which same was built, we are of the opinion that the attorney's fees should be reduced to $100, which sum we think is just and reasonable according to the above-mentioned circumstances.

█ There is no doubt that the items for filing and calendar fees are included in judicial costs, and the same is true as regards the expenses incurred in summoning defendants.

█ According to the law in force on the date of the judgment, the bill of costs should have been presented within ten days subsequent to the return of the mandate. Therefore, appellants have no basis to insist now that the bill of costs was presented too late because it was not filed within the ten days subsequent to the issuance of the judgment by the lower court.

█ The complaint in the suit of unlawful detainer was filed by attorneys Dubón & Ochoteco for the plaintiff, and the fact that it was Mr. Ochoteco who tried the case, does not prevent his partner, Mr. Dubón, from verifying the bill of costs, if he was duly informed.

For the foregoing reasons, the order appealed from should be modified, reducing the item of attorney's fees to $100, and as modified, affirmed.

Mr. Chief Justice Del Toro took no part in the decision of this case.